David C. Powell (SBN 129781)
Aaron R. Marienthal (SBN 273154)
Email:   amarienthal@reedsmith.com
Alexandra C. Seibert (SBN 283008)
Email:   aseibert@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
Bank of America, N.A., the Bank of New York Mellon FKA the Bank of New York, as trustee for the certificateholders of CWALT, Inc., Alternative Loan Trust 2006-J8, mortgage pass-through certificates, series 2006-J8 and Mortgage Electronic Registration Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORAYA LODIN,<br><br>                    Plaintiff,<br><br>     vs.<br><br>BANK OF AMERICA, N.A.; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-J8, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-J8; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DOES 1 - 100,<br><br>                    Defendants. | Case No. 3:13-cv-04847-JSC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date:              January 23, 2014<br>Time:             9:00 a.m.<br>Place:             Department F-15th Floor<br>Compl. Filed:   October 18, 2013<br><br>Honorable Jacqueline Scott Corley |

## I. INTRODUCTION

Plaintiff Soraya Lodin's ("Plaintiff") Opposition to Defendants' Motion to Dismiss to Plaintiff's Complaint confirms that she cannot state a viable claim against Defendants. Despite Plaintiff's argument to the contrary, Plaintiff's Complaint remains barred by the doctrines of *res judicata* and collateral estoppel because the instant Complaint is premised on the exact same theory as the 2012 Complaint: Defendants failed to comply with the Pooling and Servicing Agreement ("PSA") when it purportedly attempted to transfer the Note into the Trust after the alleged closing date. This theory was already rejected by the Contra Costa County Superior Court, and Plaintiff's attempt at a "second bite at the apple" is not permissible.

Regardless, Plaintiff's Complaint continues to fail because her claims are premised entirely on the alleged improper securitization of her Loan. To support this theory, Plaintiff relies solely on the minority holding in *Glaski*, completely overlooking the majority of case law offered by Defendants. Most significantly, even if the facts are as Plaintiff alleges them to be—which they are not—she is still unable to plead any damages as she does not allege the Property has been sold nor does she allege a Notice of Default has been recorded.

In short, the Opposition confirms that the Complaint merely states a minority legal position intended to distract the Court from the fact that Plaintiff does not state a viable claim against any Defendant. Accordingly, the Court should grant Defendants' Motion to Dismiss, without leave to amend and with prejudice.

## II. LEGAL ARGUMENT

**A.  Plaintiff's Reference To Extrinsic Evidence Is Still Improper**

As an initial matter, Plaintiff fails to ***allege*** any facts in support of her claims in the Complaint. Instead, Plaintiff once again improperly refers to her self-serving "Audit Report" to allege Defendants somehow lack standing under the Deed of Trust. Opp. 1: 17-22. She cannot. Not surprisingly, Plaintiff completely ignores the case law offered by Defendants providing that extrinsic evidence ***cannot*** be considered when ruling on a 12(b)(6) Motion to Dismiss. *See Arpin v. Santa Clara Valley Transp. Agency* (9th Cir. 2001) 261 F3d 912, 925; *Butler v. Los Angeles County* (CD CA 2008) 617 F.Supp.2d 994, 999 (citing text); *Paulsen v. CNF, Inc.* (ND CA 2005) 391 F.Supp.2d

1 804, 807 (citing text)]. As stated more fully in the Motion to Dismiss, Section IV(I), a 12(b)(6) Motion to Dismiss can be used *only* to challenge defects that appear on the face of the pleading under attack or from matters outside the pleading *that are judicially noticeable*. *See Arpin v. Santa Clara Valley Transp. Agency* (9th Cir. 2001) 261 F3d 912, 925; *Coto Settlement v. Eisenberg* (9th Cir. 2010) 593 F3d 1031, 1038.

Here, Plaintiff fails to plead any allegations in support of her claims in the Complaint. Instead, Plaintiff references an exhibit attached to the Complaint. This is improper. Plaintiff does not request judicial notice of the Audit Report. *See* Compl. and Opp. Nor can she, because the contents of the Audit Report *are reasonably subject to dispute*. *See* FRE 201)(explaining a court may take judicial notice of facts that are generally known, and capable of accurate and ready determination "from sources whose accuracy cannot reasonably be questioned"). Therefore Plaintiff's Audit Report is outside the pleadings, she fails to plead facts in the Complaint and the reference to an exhibit outside the Complaint cannot be considered for purposes of this 12(b)(6) Motion to Dismiss.

**B.     Plaintiff's Claim Is Still Barred By Doctrines Of Res Judicata And Collateral Estoppel**

In the Opposition, Plaintiff argues that the instant Complaint is not barred by *res judicata* or collateral estoppel because it is premised on loan origination and securitization, whereas the 2012 Complaint was premised on the alleged wrongful foreclosure of her Property. Opp. 9: 5-12. Plaintiff's argument is unpersuasive because two causes of action involve the same claim if they arise from an invasion of the same right "regardless of the legal theory on which liability for the injury is based." *Fed'n of Hillside & Canyon Assn's v. City of L.A.*, 126 Cal. App. 4th 1180, 1202 (2004). Therefore to the extent Plaintiff relies on the fact that different claims were alleged in the Complaints, this argument fails. Opp. 9:3-12. Furthermore, *res judicata* not only bars relitigation of claims that were conclusively determined in the first action, but also matters that were within the scope of the action, related to the subject matter, and relevant to issues so that it could have been raised. *Burdette v. Carrier Corp.*, 158 Cal. App. 4th 1668 (2008). Plaintiff *could have*—and should have—raised her "loan origination and securitization" theories in the 2012 Complaint. Plaintiff is now precluded from attempting to re-litigate her claims under a different theory related to the same

– 3 –

alleged foreclosure of her Property. In any event, and despite Plaintiff's claim to the contrary, Plaintiff's 2012 Complaint was in fact premised on loan origination and securitization. *See* 2012 Compl. ¶ 19 ("Defendants, and each of them, failed to follow the [PSA], failed to endorse the note and assign the [DOT] in a timely manner as set forth in the [PSA], and failed to properly identify the true party of interest in their foreclosure action."). Because Plaintiff premises this action on the same theories alleged in the 2012 Complaint, Plaintiff is precluded from a "second bite at the apple" as a matter of law.

### C. Plaintiff's Securitization Theories Still Fail Because They Are Still Insufficiently Pled and *Glaski* Is Not Persuasive

In her Opposition, Plaintiff **concedes** that Defendant MERS is a proper beneficiary under the DOT. Opp. 6:24-26. Instead, Plaintiff relies on the case of *Glaski v. Bank of America, N.A*[1]. to argue that Defendants lack authority to foreclose because of the purported "late transfer to the trust in violation of the Pooling and Servicing Agreement." Opp. 6: 24-25. However, Plaintiff's argument is unpersuasive. *Glaski* is an errant decision that deviates from the well-settled law in California, and should not guide this Court's decision. Regardless, *Glaski* does not save Plaintiff's claims because she does not plead the trust closing date and governing state law.

#### 1. *Glaski* Is Not Persuasive

This court should not follow the minority holding in *Glaski* because is unpersuasive. In *Glaski*, the Court held that in the context of a wrongful foreclosure claim a borrower has standing to challenge a beneficiary's authority to foreclose based on alleged non-compliance with the terms of a securitized trust's pooling and servicing agreement, and specifically to allege that the loan was not transferred prior to the trust's closing date. *Glaski*, 218 Cal. App. 4th at 1097. This holding is a deviation from the well-settled majority position in California, which holds that alleged irregularities with respect to the securitization of a mortgage loan do not affect the rights and responsibilities of the parties to the loan. *See Jenkins v. JP Mortgage Chase Bank, N.A.*, 216 Cal. App. 4th 497 (2013); *see also Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th (2011); *Debrunner v. Deutsche Bank National Trust Co.*, 204 Cal.App.4th 433 (2012). In fact, the courts that have had the

---

[1] 218 Cal. App. 4th 1079 (2013).

opportunity to follow *Glaski* specifically have rejected it. *See Newman v. Bank of New York Mellon* (E.D. Cal., Oct. 11, 2013, 1:12-CV-1629 AWI) 2013 WL 5603316.

In *Newman v. Bank of New York Mellon*, the plaintiff relied on *Glaski* in an attempt to pursue causes of action based on an alleged untimely transfer of his loan into a securitized trust – as does Plaintiff in the instant action. *Newman v. Bank of New York Mellon* (E.D. Cal., Oct. 11, 2013, 1:12-CV-1629 AWI) 2013 WL 5603316, at *3. The Court rejected plaintiff's argument that *Glaski* gave him standing to pursue causes of action based on an alleged violation of his loan's PSA and New York Securities law. *Id*. The Court determined that "the alleged violation of the PSA is not a proper basis for this or any cause of action in the Complaint … [a]ny claims that are based on violation of the PSA are not viable." *Id*. (citing *Toneman v. United States Bank*, 2013 U.S. Dist. LEXIS 98966, *30–*31 [C.D. Cal. June 13, 2013]; *Jenkins v. JP Mortgage Chase Bank, N.A.*, 216 Cal. App. 4th 497, 515 [2013]). The Court further noted that "no courts have yet followed *Glaski* and **Glaski is in a clear minority on the issue**. Until the California Supreme Court, the Ninth Circuit, or other appellate courts follow *Glaski*, **this Court will continue to follow the majority rule**." *Id*. at FN 2 (emphasis added).

Similarly, in *Diunugala v. JP Morgan Chase Bank, N.A.*, the district court expressly disagreed with *Glaski*, finding the *Glaski* decision to be unpersuasive and questioning whether *Glaski* was correctly decided. *Diunugala v. JP Morgan Chase Bank, N.A.* (S.D. Cal., Oct. 3, 2013, 12CV2106-WQH-NLS) 2013 WL 5568737, at *8;[2] *See also Rossberg v. Bank of America, N.A.*, 2013 WL 5366377, at *3 (Cal.App.4th, Sept. 26, 2013) (post-*Glaski* case affirming dismissal of borrower's claim to cancel all pre-foreclosure instruments based on allegation that lender failed to

---

[2] The *Diunugala* court further noted, "even if *Glaski* were correctly decided, and Plaintiff alleged that the foreclosing Defendant did not receive a valid assignment of the debt in any manner, the California Court of Appeal has held that plaintiffs must "allege ... facts showing that they suffered prejudice as a result of any lack of authority of the parties participating in the foreclosure process." *Diunugala*, 2013 WL 5568737 (quoting *Siliga v. Mortg. Elec. Reg. Sys., Inc.*, 161 Cal.Rptr.3d 500, 2013 WL 4522474, at *5 [Cal.Ct.App. Aug. 27, 2013] ["The *Siligas* do not dispute that they are in default under the note. The assignment of the deed of trust and the note did not change the *Siligas*' obligations under the note, and there is no reason to believe that Accredited as the original lender would have refrained from foreclosure in these circumstances. Absent any prejudice, the *Siligas* have no standing to complain about any alleged lack of authority or defective assignment."]). Similarly, the court in *Dick v. American Home Mortg. Servicing, Inc* held that the failure to allege prejudice obviates the need to discuss the issues in *Glaski*. 2013 WL 5299180, 3 (E.D.Cal., 2013) ("[t]he court need not reach the issue" decided in *Glaski* "because plaintiffs cannot allege that the foreclosure was prejudicial"). Here, Plaintiffs have not alleged any damages or prejudice as a result of the alleged improper transfer. *See generally* FAC. Thus, the Court can disregard Plaintiffs' *Glaski* argument on these grounds alone.

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1 transfer note and deed of trust by securitized trust's closing date).

2 Here, Plaintiff's Opposition does not save her failing Complaint simply because she cites to *Glaski*. This Court should follow the well-settled, and common-sense majority position that alleged irregularities with respect to the securitization of a mortgage loan do not affect the rights and responsibilities of a borrower. *See Jenkins v. JP Mortgage Chase Bank, N.A*, 216 Cal. App. 4th 497, 515 (2013).

In *Jenkins v. JP Mortgage Chase Bank, N.A*, in response to plaintiff's attempt to allege that an assignment of his loan violated the terms of the PSA related to the subject loan trust [*id.* at 505], the Court stated, in part, "even if the asserted improper securitization (or any other invalid assignments []) occurred, the relevant parties to such a transaction were the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note [*id.* at 514]." The *Jenkins* Court further stated, "[a]s an unrelated third party to the alleged securitization … [the plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement." *Id.* at 515. The Court then stated, "even if any subsequent transfers of the promissory note were invalid, [plaintiff] is not the victim of such invalid transfers because her obligations under the note remained unchanged." *Id.* In other words, the *Jenkins* decision expressly undermines Plaintiff's argument that the alleged invalid assignment entitles her to a free house, stripping Defendants of the authority to foreclose.

Indeed, as stated more fully in Defendants' Motion to Dismiss, numerous courts have held that a non-party to a PSA lacks standing to bring claims alleging violation of the PSA. *See Gilbert v. Chase Home Finance, LLC*, 2013 U.S. Dist. LEXIS 74772, *9-*10 (E.D. Cal. May 28, 2013) ("A majority of district courts have held that plaintiffs [] who are not parties to a PSA do not have standing to raise violations of a PSA or to otherwise bring claims on the basis that a PSA was violated."[3]); *McGough v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 84327, *14 (N.D. Cal.

---

[3] Citing *Elliott v. Mortgage Elec. Registration Sys.*, 2013 U.S. Dist. LEXIS 61820, *7-*10 (N.D. Cal. Apr. 25, 2013); *Sabherwal v. Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 2930, *20-*21 (S.D. Cal. Jan. 7, 2013); *Dinh v. Citibank, N.A.*, 2013 U.S. Dist. LEXIS 2312, *8-*11 (C.D. Cal. Jan. 7, 2013); *Ramirez v. Kings Mortg. Servs.*, 2012 U.S. Dist. LEXIS 160583, *13-*14 (E.D. Cal. Nov. 8, 2012); *Armstrong v. Chevy Chase Bank, FSB*, 2012 U.S. Dist. LEXIS 144125, *6-*7 (N.D. Cal. Oct. 3, 2012); *Hale v. World Sav. Bank*, 2012 U.S. Dist. LEXIS 141917, *17-*18 (E.D. Cal. Oct. 1, 2012); *Almutarreb v. Bank of N.Y. Trust Co., N.A.*, 2012 U.S. Dist. LEXIS 137202, *3-*7 (N.D. Cal. Sept. 24,

June 18, 2013).[4]

*Glaski* does not support Plaintiff's deficient arguments. Plaintiff still lacks standing to challenge an alleged irregularity with respect to the assignment of the DOT, and her Opposition, which relies on this alleged irregularity, fails as a matter of law.

### 2. Plaintiff's Securitization Theory Is Still Insufficiently Pled

Even if this Court were to follow the minority case of *Glaski*, Plaintiff's claims still fail because the Complaint fails to plead when the securitized trust closed or what state law governed. *See* Compl. *Glaski* held that plaintiff Glaski had alleged "specific grounds for his theory that the foreclosure *was not conducted* at the direction of the correct party." *Glaski*, 218 Cal.App.4th at 1099 (emph. added). As such, *Glaski* did not address the sort of preemptive—i.e., *pre*-foreclosure— challenge to foreclosure that Plaintiff asserts here. Cases do not stand for propositions not discussed. *People v. Harris*, 47 Cal.3d 1047, 1071 (1989). Although Plaintiff alleges when the securitized trust closed, they fail to allege what state law governed, a fact which was critical to the *Glaski* court's conclusion. *Glaski*, 218 Cal.App.4th at 1093-1100. Thus, Plaintiff's Complaint still fails.

### D. Plaintiff's Declaratory Relief Claim Still Fails

In her Opposition, Plaintiff argues that she is entitled to declaratory relief because Defendants lack authority to foreclose due to the alleged deficiencies surrounding the assignment of the DOT. Opp. 11:3-10. To support this position, Plaintiff once again points to the alleged untimely transfer of the Note into the securitized trust. *Id.* However, Plaintiff fails to address why her claim should not be dismissed since her request duplicates Plaintiff's other failing claims alleged in the Complaint. *See Brittain v. IndyMac Bank FSB*, No. C-09-2953 SC, 2009 WL 2997394, at *5 (N.D. Cal. Sept. 16, 2009). To the extent Plaintiff relies on her failing securitization theory to support her argument that she is entitled to declaratory relief, this too fails for the reasons stated more fully

---

2012); *Junger v. Bank of Am.*, 2012 U.S. Dist. LEXIS 23917, *7-*8 (C.D. Cal. Feb. 24, 2012) (finding that the fact that plaintiff was not a party to the PSA undermined any standing plaintiff might have to challenge the PSA).

[4] *See also Bascos v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor [in] the loan trust."); *Newman v. Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 52487, *8 (E.D. Cal. Apr. 11, 2013) ("the alleged violation of the PSA is not a proper basis *for this or any cause of action* in the Complaint.") (emphasis in original).

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

above in Section II(C). Significantly, "California courts have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclose." *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 511-12 (2013) (citing *Gomes v. Countrywide Home Loans*, 192 Cal.App.4th 1149, 1152 (2011) and *Debrunner v. Deutsche Bank National Trust Co.*, 204 Cal.App.4th 433, 440-442 (2012)). Plaintiff's claim premised entirely on the securitization of her Loan continues to fail.

**E. Plaintiff's Claims For "Breach of Express Agreements" And Breach Of The Implied Covenants Continue to Fail Because They Remain Insufficiently Pled**

In the Opposition, Plaintiff simply recites the same failing theories alleged in the Complaint, ignoring the extensive case law offered by Defendants. Opp. 11:16-23, 13:1-22. Namely, Plaintiff does not address how she has standing to bring claims alleging a violation of the PSA. *See Gilbert v. Chase Home Finance, LLC*, 2013 U.S. Dist. LEXIS 74772, *9-*10 (E.D. Cal. May 28, 2013); *McGough v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 84327, *14 (N.D. Cal. June 18, 2013); *Diunugala v. JP Morgan Chase Bank, N.A.* (S.D. Cal., Oct. 3, 2013, 12CV2106-WQH-NLS) 2013 WL 5568737, at *8; *Newman v. Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 52487, *8 (E.D. Cal. Apr. 11, 2013). To the extent Plaintiff relies on *Glaski* to refute the plethora of case law offered by Defendants, this too fails for the reasons stated more fully above in Section II(C). Opp. 14:7-15.

To the extent Plaintiff relies on *Halajian v. Deutsche Bank Nat'l Trust Co.*[5] to argue there is a split in authority on the issue of whether allegations about lack of agency for an alleged "robo-signor" states a claim for breach of contract claim is also unpersuasive. Opp. 13: 18-22. First, in *Halajian*, the claim at issue was for wrongful foreclosure, **not** breach of contract. *Halajian*, 2013 U.S. Dis. LEXIS 20341, *19-20(E.D. Cal. Feb. 13, 2-013). Second, the instant facts are wholly distinguishable from those in *Halajian* because here, Plaintiff does not plead that the Property has been sold or that it has been referred to foreclosure, whereas in *Halajian* the Property was **sold**. *Id.* This fact was crucial to the decision in *Halajian* because the Court found that where a "trustee's sale [is] undertaken by one who is not the valid trustee," the sale is void. *Halajian*, 2013 U.S. Dis.

---

[5] 2013 U.S. Dis. LEXIS 20341, *19-20(E.D. Cal. Feb. 13, 2-013)

1  LEXIS 20341, *11 (E.D. Cal. Feb. 13, 2-013) *citing Dimock v. emerald Properties*, 81 Cal.App.4th
2  868, 876 (Cal.App.4th Dist. 200). Instead, this Court should follow the majority position more fully
3  outlined in Defendants' Motion to Dismiss. *See Chua v. IB Prop. Holdings, LLC*, No. CV 11-05894
4  DDP (SPx), 2011 WL 3322884, at *2 (C.D. Cal. Aug. 1, 2011) ("[T]o the extent that Plaintiffs take
5  issue with Lisa Markham's dual position, Plaintiffs have not identified a relevant legal authority
6  prohibiting one individual from working for both CitiMortgage and MERS or from acting as an
7  agent for both."); *see also Bernardi v. JPMorgan Chase Bank, N.A.*, No. C-111-04543 RMW, 2012
8  WL 33894, at *2 (N.D. Cal. Jan. 6, 2012). Accordingly, Plaintiff's argument that the Assignment of
9  the Deed of Trust was "robosigned" does nothing to save her failing claim.

10  Further, Plaintiff's claims continue to fail because she still does not allege damages as a
11  result of the alleged breach of the DOT or PSA. *Wall St. Network, Ltd. v. N.Y. Times Co.*, 164 Cal.
12  App. 4th 1171, 1178 (2008). Instead, Plaintiff seems to argue that **prejudice** is not required because
13  she does not bring a claim for wrongful foreclosure. Opp. 12:6-10. This is irrelevant. Under
14  California law, Plaintiff is required to plead **damages**; she does not. *See Wall St. Network, Ltd. v.
15  N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008). As stated throughout Defendants' moving
16  papers, Plaintiff does not allege that the Property has been sold. Plaintiff's claims continue to fail.

17  Lastly, Plaintiff's claim for breach of the implied covenants also continues to fail because she
18  does not address any of the case law requiring a "special relationship with fiduciary characteristics"
19  between the Parties. *See* Motion to Dismiss, Section IV(E)(2); *Valenzuela v. Am. Home Mortg. Inv.
20  Trust* 2005-2 No. CV-F-08-1179 OWW/SMS, 2009 U.S. Dist. LEXIS 31111, at *65 (E.D. Cal.
21  2009). For this additional reason, Plaintiff's claim for breach of the implied covenants continues to
22  fail.

23  **F.    Plaintiff's Claim for RICO Violations Continues To Fail As A Matter Of Law**

24  In support of her RICO claim, Plaintiff relies entirely on faulty exhibits to argue she suffered
25  harm as a result of the alleged securitization of her Loan. Opp. 15: 3-26. As stated more fully in
26  Defendants' moving papers, this is not proper. *Supra* Section II(A); Motion to Dismiss, Section
27  IV(I). Regardless, Plaintiff's claim continues to fail because 18 U.S.C. Section 1964 specifically
28  provides that "no person may rely upon any conduct that would have been actionable as fraud in the

purchase or sale of securities to establish a violation of [RICO]…" Similarly here, Plaintiff premises her entire claim on the purported improper securitization of her mortgage Loan. Opp. 15:3-26. This is not sufficient. Plaintiff's claim continues to fail as a matter of law.

### G. Plaintiff's TILA Claim Continues To Be Time-Barred And Also Fails As a Matter Of Law

Instead of responding to any of the case law clearly set forth by Defendants in their moving papers, Plaintiff simply recites the same arguments pled in her Complaint, arguing again that the statute of limitations should be tolled because certain "disclosures and notices" were not provided to Plaintiff. Opp. 12-18; *see also* Compl. ¶ 96. Once again, Plaintiff fails to identify which "disclosures and notices" were allegedly withheld, and instead relies on her failing securitization theory to support her claim. Opp. 16:18-25. Again, securitization does not affect any parties' rights under the DOT. *Supra* Section II(C).

Not surprisingly, Plaintiff also fails to address how she is entitled to rescission of the DOT where case law confirms that section 1602(w) and 1635(e)(1) exempt residential mortgage transactions from TILA's right of rescission. *See, e.g., Cataulin v. Wash. Mut. Bank, SFB*, No. 08 CV 2419 JM (NLS), 2009 WL 648921, at *4 (S.D. Cal. Mar. 9, 2009) ("[R]esidential mortgage transactions are excluded from TILA's rescission provisions."). Plaintiff's claim continues to fail for this reason alone.

Lastly, Plaintiff's TILA claim remains insufficiently pled because she still does not offer or address how any Defendant is liable for the alleged wrongful acts relating to the original lender, American Mortgage Network, Inc.—an unnamed party in this matter. RJN, Exh. A. Instead, Plaintiff once again appears to simply recite the statute, pointing to the alleged legislative intent to "inform home buyers of the pros and cons of adjustable rate mortgages…" Opp. 16: 7-8; *see also* Compl. ¶ 94. Notwithstanding Plaintiff's failure to establish any agency relationship, her claim continues to fail because she still does not allege that she in fact obtained an adjustable rate mortgage. Opp. 16: 7-8. To the contrary, the DOT only includes a "Family Rider". RJN, Exh. A.

For all of the separate reasons set forth above, Plaintiff's TILA claim continues to fail.

DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### H. Plaintiff's FDCPA Claim Still Fails Because It Is Still Insufficiently Pled

In support of her FDCPA claim, Plaintiff points to the inapplicable Eleventh Circuit and Washington state law to argue that Defendants are debt collectors. Opp. 18:12-15 *citing "Williams v. Wells Fargo Bank, N.A. et al.*, 2012 U.S. Dist. LEXIS 2871 (W.D. WA, January 12, 2012) and *Birster v. American Home Mortgage Servicing, Inc.*, U.S. Ct of Appeals, 11th Cir., Case No. 11-13574-G." This Court is in the Ninth Circuit, thus, Plaintiff's arguments remain unpersuasive. Instead, this Court follows the applicable law, holding "creditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability [under the FDCPA]." *Caballero v. Ocwen Loan Serv.*, 2009 WL 1528128, at *1 (N.D. Cal. 2009).

Significantly, Plaintiff's claim also still fails because she does not state any violation under the Act. Instead, she re-pleads her same failing arguments stated in the Complaint. Opp. 18: 24-26. However, as stated in their moving papers, this is insufficient because Plaintiff does not plead any facts with sufficient detail as to the alleged debt collection activity. *See Gorman v. Wolpoff & Abramson, LLP*, 370 F. Supp. 2d 1005, 1013 (N.D. Cal. 2005). Without more, Plaintiff's claim remains insufficiently pled.

### I. Plaintiff's RESPA Claim Is Still Insufficiently Pled

Not surprisingly, Plaintiff fails to address any of the authority set forth in Defendants' moving papers. *See Opp.* 17:21-26. Instead, Plaintiff confusingly argues that "Defendants' failure to disclose that they will gain a financial benefit while Plaintiff suffers financially as a result of the loan product" somehow states a claim under RESPA. Opp. 18:26-18:2. It does not. As stated more fully in the Motion to Dismiss, "alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages." Swanson v. EMC Mortg. Corp., No. CV F-09-1507-LJO-DLB, 2009 WL 3627925, at *7 (E.D. Cal. Oct. 29, 2009). Plaintiff still does not address how she has suffered any damages as a result of Defendants' alleged RESPA violations. Again, Plaintiff does not plead the Property has been sold. For this reason alone, Plaintiff fails to allege facts sufficient to demonstrate that the breach resulted in actual damages. *See Benham v. Aurora Loan Servs.*, 2009 U.S. Dist. Lexis 91287, at *11 (N.D. Cal. Oct. 1, 2009). Plaintiff's claim continues to fail.

### III. CONCLUSION

Plaintiff's Opposition does nothing to cure the deficiencies of the Complaint. Instead, Plaintiff simply re-states her same failing theories of law relating to securitization arguing the *Glaski* decision somehow saves her claim. However, because *Glaski* is not persuasive, not applicable, and Plaintiff's claims were already dismissed by the Contra Costa Superior Court, Defendants respectfully request that the Court grant their Motion to Dismiss without leave to amend.

DATED: December 9, 2013

REED SMITH LLP

By: _____
Alexandra C. Seibert
Attorneys for Defendants
Bank of America, N.A., the Bank of New York Mellon FKA the Bank of New York, as trustee for the certificateholders of CWALT, Inc., Alternative Loan Trust 2006-J8, mortgage pass-through certificates, series 2006-J8 and Mortgage Electronic Registration Systems, Inc.