IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORAYA LODIN,<br><br>           Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>           Defendants. | Case No.: C-13-04847 JSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

In this mortgage foreclosure case, Defendants Bank of America, N.A. ("BANA"), the Bank of New York Mellon ("BNYM"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, Defendants) move to dismiss Plaintiff Soraya Lodin's Complaint, which alleges defects in the securitization of her mortgage loan, among other things. After carefully considering the parties' submissions, and having had the benefit of oral argument on January 23, 2014, the Court GRANTS Defendants' motion to dismiss. Plaintiff's claims are all barred by the final judgment in a state court action she previously filed against these same defendants.

## BACKGROUND

In October 2006, Plaintiff obtained a $585,000 mortgage to purchase real property located at 1906 Oak Grove Road, Walnut Creek, CA 94598 (the "Property"). (Complaint ¶ 2.) The recorded

Deed of Trust identifies Plaintiff as the borrower, American Mortgage Network, Inc. as lender, First American Title Insurance Company as trustee, and MERS as beneficiary. (*Id.*, Exh. A.)

On or about December 28, 2006, Defendant MERS securitized and sold the Deed of Trust to C-WALT Series 2006-J8 Trust (the "Trust"). (*Id.* at ¶ 13.) During this securitization process, the loan was sold from American Mortgage Network, Inc. to Countrywide Home Loans, then from Countrywide Home Loans to C-WALT, Inc. (*Id.* at Ex. B at 6, 21.) The trustee was listed as Defendant BNYM, and the servicer of the trust was Countrywide Home Loans. (*Id.* at 21.) Countrywide reserved to itself the right to service the note and mortgage. (*Id*. at ¶ 13.) On July 1, 2008, Countrywide was purchased by Defendant BANA. (*Id.* at ¶ 14.) Countrywide had only retained the rights to service the note and mortgage, so only servicing rights were transferred to BANA. (*Id.*).

The Pool Servicing Agreement ("PSA") which governs the Trust requires that all promissory notes transferred to the Trust must have a complete chain of endorsements in place within 90 days of the Trust's closing date, which was December 28, 2006. (*Id.* at ¶¶ 20, 49.) The assignment of the Deed of Trust and Note to the Trust, however, was not recorded until June 6, 2011. (*Id.* at ¶¶ 15, 49.) The assignment was signed by a BANA employee, Chester Levings, as Assistant Secretary for MERS. (*Id.* at ¶ 15.)

Plaintiff filed a Complaint against Defendants in California Superior Court on July 25, 2012. (Dkt. No. 9.) Plaintiff alleged slander of title, wrongful foreclosure, violation of Cal. Civ. Code Section 2932.5, and violation of Bus. & Prof. Code Section 17200. (*Id.*, Exh. C.) The 2012 Complaint alleged, among other things, that Defendants violated the PSA by failing to record the assignment within 90 days of the closing of the Trust. (Id. at ¶ 22.) The Superior Court dismissed Plaintiff's action with prejudice on February 27, 2013. (*Id.*, Exh. D.).

Plaintiff subsequently initiated this lawsuit against the same Defendants. Plaintiff brings the following new causes of action based on similar allegations in connection with the securitization: (1) declaratory relief; (2) breach of express agreement; (3) breach of implied agreement; (4) violation of 18 U.S.C. Section 1962; (5) violation of the Truth in Lending Act, 15 U.S.C. Section 1601; and (6) violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq; and (7) violation of

the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605.  Defendants move to dismiss all the claims with prejudice.

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.)  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"), *cert. denied*, 132 S. Ct. 2101 (2012). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task

3

that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

## DISCUSSION

Defendants argue that Plaintiff's previous lawsuit against them, which was dismissed with prejudice, bars the present litigation. "[E]mbodied in the doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . ." *Montana v. U.S.*, 440 U.S. 147, 153 (1978) (internal quotation marks omitted). Whereas res judicata bars relitigation of the same cause of action in a second suit, collateral estoppel precludes relitigation of the same issues in a second suit. *See Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002). If the former judgment is a state court judgment, the Court applies the res judicata and collateral estoppel rules of the state. *See Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 81 (1984).

**A.    Res Judicata**

Res judicata bars the relitigation of any "matter that was within the scope of the action, related to the subject matter, and relevant to the issues so that it could have been raised" in the prior proceeding. *Burdette v. Carrier Corp.*, 158 Cal. App. 4th 1668, 1674-75 (2008); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398-99 (1981). The elements necessary to establish res judicata are: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F. 3d 1047, 1052 (9th Cir. 2005) (internal quotation marks omitted).

   **1.    Identity of claims**

There is an identity of claims if the two proceedings are "based on the same 'primary right'" or injury. *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1202

(2004).  "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief."  *Boeken v. Phillip Morris USA, Inc.*, 48 Cal. 4th 788, 814 (2010) (internal quotation marks omitted).

"In determining whether a present dispute concerns the same claims as did prior litigation, the [Court] considers: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."  *Headwaters, Inc.*, 399 F.3d at 1052 (internal citations and quotation marks omitted).  Satisfaction of the final factor alone is sufficient to find an identity of claims without an analysis of the other factors.  *See Int'l Union of Operating Eng'rs – Employers Constr. Indus. Pension, Welfare & Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (citing cases finding successive claims barred by res judicata based solely on analysis of the fourth factor).  "Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could be conveniently tied together."  *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d. 960, 968 (9th Cir. 2010).

There is an identity of claims between those at issue before the Court and those decided by the Superior Court.  While the two complaints allege different causes of action, many of the paragraphs within the complaints are virtually identical.  Further, all the claims in the Complaint are based on the infringement of the same right; namely, Defendants' alleged violation of the PSA.  In other words, the claims in both proceedings arise out of the same underlying nucleus of facts and Plaintiff's claims could have been brought in the earlier proceeding.

Although Plaintiff concedes that "all acts or occurrences that may have caused an injury" must be included in the same action, Plaintiff argues that res judicata should still not apply because the present action is founded on the same facts related to "separate points in time."  (Dkt. No. 12 at 9.)  Specifically, Plaintiff argues that the Superior Court action arose out of the harm Plaintiff suffered as a result of the initiation of foreclosure proceedings, whereas the current action arose out of the alleged loan origination and securitization.  *Id.*  Nonetheless, the claims asserted in Plaintiff's prior complaint and the claims asserted in this action identified above arise from common facts—whether the rights

5

under the loan were properly assigned under the PSA and whether Defendants have standing to collect payments under the loan and initiate foreclosure. The notion that the facts relate to separate points in time is inapposite since the same violation of the PSA is alleged in both instances.

At the hearing, Plaintiff argued that while all the claims in the Complaint are dependent on the alleged violation of the PSA, res judicata does not apply because Plaintiff asserts different *theories* in this action than in the previous action as to Defendants' liability for violation of the PSA. Plaintiff's description of the two actions, however, compels a finding of identity of claims since res judicata bars a party from re-litigating a primary right under a different theory of liability. *See Boeken*, 48 Cal. 4th at 798 ("The 'cause of action' is based upon the harm suffered, as opposed to the particular theory asserted by the litigant." (internal quotation marks and alterations omitted)).

### 2. Final judgment on the merits

For purposes of res judicata, "a dismissal with prejudice is the equivalent of a final judgment on the merits." *Boeken v. Phillip Morris USA, Inc.*, 48 Cal. 4th at 809 (2010). Furthermore, unless otherwise provided by the dismissal, any dismissal "except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 operates as an adjudication on the merits." Fed. R. Civ. P. 41. The Superior Court entered a final judgment when it dismissed the prior action in its entirety with prejudice as to all defendants. (Dkt. No. 9, Ex. D.) The dismissal with prejudice acts as a final judgment on the merits. Plaintiff does not argue otherwise.

### 3. Privity between the parties

"If the parties in the first suit are exactly the same as the parties in the second, then [privity between the parties] is met." *Nnachi v. City & County of San Francisco*, 2010 WL 3398545, at *6 (N.D. Cal. Aug. 27, 2010) *aff'd sub nom. Nnachi v. City & County of San Francisco*, 467 F. App'x 644 (9th Cir. 2012) (internal citations omitted). The parties in the 2012 Superior Court case are identical to the parties in the present action. Thus, the privity element is met.

Thus, because all the elements for res judicata have been met, the Court GRANTS Defendants' motion to dismiss the Complaint without leave to amend.

//
//

6

## B.     Collateral Estoppel

Under collateral estoppel, once an issue of fact or law has been decided by a court, "determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. U.S.*, 440 U.S. 147, 153 (1979).  The elements necessary to establish collateral estoppel are: (1) the issues in both proceedings are identical; (2) the issue was actually litigated in the former proceeding; (3) the issue was decided in the former proceeding; (4) the judgment in the former proceeding was final and on the merits; and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party in the former proceeding. *Lucido v. Super. Ct.*, 51 Cal. 3d 335, 341 (1990).  "The 'identical issue' requirement addresses whether 'identical factual allegations' are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same." *Id.* at 342.

Although Defendants contend that the two actions concern the same issues, Defendants have not shown that the securitization allegations before this Court were actually litigated and decided by the Superior Court.  While the Superior Court granted judgment in favor of Defendants on all of Plaintiff's claims, it is not apparent what allegations were litigated and what issues were decided by the Superior Court.  Given that the Superior Court gave no reason for its entry of judgment in favor of Defendants, collateral estoppel is not appropriate in this case.[1]

## CONCLUSION

As all of Plaintiff's claims are barred by the final judgment in the state court action, Defendants' motion to dismiss is GRANTED without leave to amend.  Judgment shall be entered in favor of Defendants and against Plaintiff.


IT IS SO ORDERED.


Dated: January 27, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff asserts generally that various exceptions may apply to preclude the application of collateral estoppel, but fails to provide any argument or analysis as to why those exceptions would apply here.